UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ANGEL DE LAO,

        Plaintiff,

   v.

M. ANDREWS, LT. L. JONES, R. HINKLE, SUPERINTENDANT TIM CAUSEY, Deer Ridge Correctional Minimum,

        Defendants.

Case No. 3:20-CV-01463-YY

OPINION AND ORDER

YOU, Magistrate Judge.

    Plaintiff's claims stem from his prior incarceration at Dear Ridge Correctional Institution (DRCI). Defendants DRCI Correctional Lieutenant Lee Jones, DRCI Correctional Officer Richard Hinkle, and retired-Superintendent Tim Causey have filed a Motion for Partial Summary Judgment. ECF 55. Although plaintiff was given a summary judgment advice notice, ECF 58, and an extension of time to file a response, he has failed to respond to the motion. Plaintiff's failure to respond could be considered a concession on the merits. *See Steger v. Peters*, No. 6:16-cv-02093-YY, 2018 WL 3430671, at *2 (D. Or. July 16, 2018) (collecting cases and construing party's failure to respond to a motion for summary judgment as "a concession on the merits"). Nevertheless, the court has examined defendants' motion for partial summary

1 – OPINION AND ORDER

judgment, and the uncontradicted evidence that defendants have submitted in support, and grants the motion on the merits.

## I.      Defendants Jones and Hinkle

Plaintiff alleges First and Fourteenth Amendments claims arising from an incident in which he contends that defendant Michael Andrews-Schranz, a former DRCI correctional officer, called him a racial slur.  Compl. 3.  Plaintiff alleges that he filed a discrimination complaint against Andrews-Schranz, and on March 17, 2020, the day his discrimination appeal was accepted and processed, defendants Jones and Hinkle called him into an office, where Jones verbally threatened him and Hinkle hovered behind him causing him extreme discomfort.  Compl. 5.  Plaintiff claims that although Jones told him the office visit was related to a different matter, plaintiff believes that Jones and Hinkle were acting in "connection" with his complaint against Andrews-Schranz.  *Id.*

But the only evidence in the record is that when Jones and Hinkle questioned plaintiff on March 17, 2020, it was in relation to a theft between two other adults in custody, one of whom was seen bumping fists with plaintiff.  Jones Decl. ¶¶ 6-11.  Further, neither Jones nor Hinkle had any knowledge that plaintiff had submitted a complaint against Andrews-Schranz.  *Id.*; Ybarra Decl. ¶ 10.  Plaintiff, who has not responded to the motion for summary judgment, offers no admissible evidence to the contrary.  Therefore, Jones and Hinkle are entitled to summary judgment.

## II.     Defendant Causey

Liability under 28 U.S.C. § 1983 "arises only upon a showing of personal participation by the defendant," acting under color of state law, that deprived the plaintiff of a constitutional or federal statutory right.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "A person 'subjects'

another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Additionally, there is no *respondeat superior* liability under § 1983. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691-95 (1978) (concluding that the supervisor of someone who allegedly violated a plaintiff's constitutional rights is not made liable for the violation by virtue of that role). A supervisor is liable in his or her individual capacity for constitutional violations of a subordinate only "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045.

Plaintiff alleges that Superintendent Causey "failed to properly oversee and train his employees." Compl. 7. However, plaintiff offers no evidence regarding how Causey personally participated in or directed any violations, or knew of them and failed to act to prevent them. Therefore, Causey is entitled to summary judgment.

## ORDER

Defendants' Partial Motion for Summary Judgment (ECF 55) is GRANTED and the claims against defendants Jones, Hinkle, and Causey are dismissed.

DATED August 30, 2022.

                                                             /s/ Youlee Yim You
                                                             Youlee Yim You
                                                             United States Magistrate Judge